## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### RIDDICK V. KING.

June 11, 1925.

Argued before Judge Chichester took his seat.

APPEAL AND ERROR—*Harmless Error—Admission of Hearsay Evidence Held Prejudicial—Case at Bar.*—In the instant case, an action by plaintiff against defendant for money had and received alleged to have been paid to defendant for the benefit of plaintiff, the trustees of a church were indebted to plaintiff for work done on their church, and plaintiff alleged that a certain amount had been paid by the trustees to defendant for plaintiff's benefit  This defendant denied.  Two of the trustees of the church testified that they heard the pastor of the church make a statement strongly tending to prove that defendant had received money to be paid to plaintiff.  Striking out this hearsay evidence, nothing remained but the testimony of plaintiff that defendant had several times promised to pay the money, but had not done so, and the testimony of defendant that he had not received any money for plaintiff and had not promised to pay him anything.

*Held:* That the admission of the hearsay evidence was highly prejudicial to defendant, and judgment for plaintiff must be reversed.

Error to a judgment of the Circuit Court of the city of Norfolk in a proceeding by motion for a judgment for money.  Judgment for plaintiff.  Defendant assigns error.

*Reversed.*

The opinion states the case.

*L. B. Cox,* for the plaintiff in error.

*Howell & Wilson* and *W. L. Davis*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

David N. King sued John R. Riddick for four hundred and fifty dollars for money had and received, and recovered judgment against him for that amount.

The account sued on by King was composed of two items, one of $150.00 and the other of $300.00; both being for money alleged to have been paid to Riddick for the benefit of King. The item of $150.00, though disputed by Riddick, was fully proved by the testimony of W. W. Old, Jr., who testified that he had negotiated a loan of $10,000 on the First Baptist Church of Brighton; that he had paid out the same on account of the bills against the church and that he had given John R. Riddick a check for $150.00, payable to the order of D. N. King or John R. Riddick, and that he, by instructions, had made the said check payable to D. N. King, but upon being told by Riddick that he, Riddick, had paid King, added "or John R. Riddick" to said check and gave same to Riddick.

The facts as to the item were as follows: The trustees of the First Baptist Church of Brighton, in Portsmouth, Va., were indebted to King in the sum of $600.00 for work done on their church. The completion of the work on the church was turned over to Riddick. Some time after King had been given the work on the church, the trustees of the church informed King that $450.00 had been paid to Riddick for his benefit. King testified that after receiving this information he saw Riddick several times and that Riddick promised to pay him, but had never done so. Two of the trustees severally testified "that the pastor,

Rev. H. W. Brown, had written an order on W. W.
Old, Jr., for $50.00 to pay John R. Riddick for install-
ing pews; that he and the other trustees had signed the
order; that afterwards when he heard that $350.00 had
been paid on the order he asked Rev. Brown about it
and Rev. Brown told him that the $50.00 order had
been raised to $350.00, so that $300.00 could be paid
to D. N. King." The statement of Brown was
promptly objected to, but the objection was overruled
and exception duly taken. Another witness testified
that he was present when "the check in question for
$350.00 was cashed by Riddick."

Riddick testified "that he did not receive any money
for King from any one; that he did not promise to pay
King anything; that prior to the trial he had not heard
of the claim that any order for the payment of money
in regard to the work on the church had been changed;
that he did receive $350.00 from Mr. Old and paid
$300.00 on account of labor and material in the con-
struction of the church; * * that D. N. King said
nothing to him about paying him any money on the
church until after the church had been sold at a loss
under a deed of trust, and that he did not tell W. W.
Old, Jr., that he had paid King $150.00; and that he
knew nothing about King's claim with reference to the
said check."

This was all the evidence in the case at the time the
jury rendered their verdict and the court pronounced
judgment thereon. Some days afterwards, during the
same term, Riddick moved to set aside the verdict on
the ground of after discovered evidence, supported by
the affidavit of W. W. Old, Jr., stating that "in regard
to the reputed claim made by witnesses on April 8,
1924, in the Circuit Court of the city of Norfolk, that
the affiant, W. W. Old, Jr., had paid over $350.00 to

John R. Riddick, or H. W. Brown, on an order written by H. W. Brown and signed by the trustees of the First Baptist Church of Brighton, originally for $50.00, and afterwards raised to $350.00, the affiant states that such an order has never been presented to him, and that he had paid John R. Riddick the sum of $350.00 on a typewritten order for that amount, signed by H. W. Brown, pastor." It was not denied that this evidence was after discovered, but the court overruled the motion and Riddick excepted.

Only two errors are assigned. First, that the trial court erred in admitting the testimony of the two trustees as to what "Rev. Brown" told them, and, second, the refusal of the trial court to grant a new trial on the ground of after discovered evidence.

The testimony of the two trustees was bald hearsay and ought not to have been received.

If we strike from the record the hearsay testimony of the two trustees, there remains nothing as to the item of $300.00 but the testimony of King that he had seen Riddick several times and he had promised to pay the money but had not done so, and the testimony of Riddick that he had not received any money for King and had not promised to pay him anything. He admitted receiving the check for $350.00, but said he had paid $300.00 "on account of labor and material in the construction of said church." The after discovered evidence tended to impeach the testimony of the two trustees, and the testimony of the plaintiff is in direct conflict with that of the defendant. The testimony of the trustees may have been, and probably was, what settled the conflict in favor of the plaintiff. It cannot be rejected as harmless. Under these circumstances, the verdict of the jury will have to be set aside.

This conclusion renders it unnecessary to pass on the other assignment of error.

The testimony of the trustees had no relation to the item of $150.00, which, as we have seen, was otherwise satisfactorily established.

The case will be remanded to the trial court, with direction to set aside the verdict of the jury, to credit its judgment by $300.00 as of its date, and to award a new trial to the defendant, Jno. R. Riddick, as to the item of $300.00 aforesaid. The plaintiff in error will be awarded his costs in this court as the party substantially prevailing.

*Reversed.*